OPINION
Defendant-appellant, Michael E. Bunnell, appeals his conviction in the Clinton County Municipal Court for minor misdemeanor violations of the Clinton County Zoning Resolution ("Resolution"). We affirm.
In 1995, appellant purchased a semi-trailer to use as a storage building on his property at 632 Thorpe Road, Wilson Township, Clinton County, Ohio. On June 21, 1995, the trailer was delivered to appellant's property. Appellant claims that he is in the process of converting the trailer into a proper storage facility, but does not yet have the financial resources needed to finish the construction.
After the placement of the trailer on appellant's property, appellant received three notices of violations of the Resolution, which was originally adopted in 1967 and amended on August 7, 1998. Appellant's attempted use of his land did not conform to the Resolution. Personal inspections of appellant's property revealed an accumulation of trash and metal, as well as the inoperable semi-trailer located on the property.
On November 23, 1998, appellant received the final notice of violations, via hand delivery. This notice alleged violations of Section 30.04(A), Rear Yards, Maintenance, and Section 32.03(C), Parking of Inoperable or Disabled Equipment or Vehicles, of the Resolution. Appellant was given until December 3, 1998 to cure the violations.
Appellant continued the illegal use, and a complaint was filed in the municipal court on December 8, 1998, alleging violations of R.C. 303.01 to 303.25 and R.C. 303.23 (relating to county rural zoning), and the Resolution. A bench trial was held on January 26, 1999, and on March 3, 1999, the trial court filed an entry finding appellant guilty and ordering appellant to pay $50 in court costs.
Appellant now appeals. Although appellant fails to list assignments of error as required by App.R. 16 or Loc.R. 11, we glean from appellant's brief that he asserts that his use of his property established a non-conforming use prior to the Resolution's amendment on August 7, 1998. Appellant also claims that he was not given proper notice of any violations of the Resolution. We shall consider these arguments as assignments of error.
A property owner fails to acquire a vested right to complete construction and fails to establish a non-conforming use under a township zoning resolution where there has been no substantial change of position, or expenditures, or no significant incurrence of obligations in reliance upon the zoning permit. Torok v. Jones
(1983), 5 Ohio St.3d 31, paragraph two of the syllabus. Thus, if a property owner is only preparing to begin construction, the property owner has not acquired any vested rights, and the property owner is not deprived of any use by the operation of an amended zoning regulation which prohibits or restricts his intended use of the property. Id. at 33, citing Smith v.Juillerat (1954), 161 Ohio St. 424, paragraph four of the syllabus.
In the instant case, we find that appellant failed to establish a valid non-conforming use prior to amendment of the Resolution. Prior to August 7, 1998, appellant placed a semi-trailer on his property and allowed trash and metal to accumulate on his property. Appellant fails to demonstrate how this action tends to establish a nonconforming use. Appellant claims that he is preparing to alter the trailer into a valid storage building, but preparing to begin construction does not create any vested rights to establish a nonconforming use. Appellant's contention that he had a valid nonconforming use is without merit.
Appellant also contends that he was not given sufficient notice of any violations, and that he was not given sufficient time to remedy the violations. Appellant was given three notices of violations. The last of these was hand delivered to appellant, and the zoning inspector informed appellant in person what conditions needed to be remedied. Appellant was therefore given ample notice of his violations of the Resolution, and he was given time in which to correct the zoning violations.
We find that appellant failed to establish a nonconforming use and that he was given sufficient notice of the zoning violations. Accordingly, the assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., concurs.
WALSH, J., concurs in judgment only.